# IN THE COURT OF APPEALS OF TENNESSEE, WESTERN SECTION
## AT NASHVILLE

_____

|   |   |   |
|---|---|---|
| UNITED CITIES GAS COMPANY, | ) | Rutherford County Circuit Court |
|  | ) | No. 24096 |
| Plaintiff/Appellant. | ) |  |
|  | ) | C. A. No. 01A01-9611-CV-00528 |
| VS. | ) |  |
|  | ) | HON. ROBERT E. CORLEW, III |
| ROBERT J. SUDDARTH and wife, | ) | CHANCELLOR |
| MARY M. SUDDARTH, et al, | ) |  |
|  | ) | **DISMISSED AND REMANDED** |
| Defendants/Appellees. | ) |  |
|  | ) | OPINION FILED: |

**FILED**

**August 27, 1997**

**Cecil W. Crowson**
~~Appellate Court~~ Clerk

**William K. Lanes, III**, DANCE, DANCE & LANE, Nashville, for Plaintiff/Appellant.

**Richard F. LaRoche**, Murfreesboro,
**Granville S. R. Bouldin**, Murfreesboro, for Defendants/Appellees.

_____

## MEMORANDUM OPINION[1]
_____

## FARMER, J.

This is an interlocutory appeal granted pursuant to Rule 9 T.R.A.P. United Cities Gas

Company (United) filed a total of ten petitions in the court below wherein it sought to exercise the

power of eminent domain to acquire a permanent easement in Defendants' lands, said easement

being necessary in order to construct a pipeline parallel and adjacent to the right-of-way of State

Highway 99. Immediate possession of the property was requested. The defendant landowners

timely filed notice of objection to the taking. Immediate possession was denied. Nine of the cases

were subsequently consolidated by the trial court.[2] A motion for writ of inquiry was filed by United.

The trial court ruled that possession may be delivered, if at all, only upon conclusion of the suit.

---

[1]**Rule 10 (Court of Appeals).** **Memorandum Opinion**. -- (b) The Court, with
concurrence of all judges participating in the case, may affirm, reverse or modify the actions of
the trial court by memorandum opinion when a formal opinion would have no precedential value.
When a case is decided by memorandum opinion it shall be designated "MEMORANDUM
OPINION," shall not be published, and shall not be cited or relied on for any reason in a
subsequent unrelated case.

[2]The tenth case is not the subject of this appeal as apparently the defendant did not object
to the right to take and possession was granted.

The trial court entered an order April 24, 1996, impaneling a jury of view and directing it:

> [T]o receive evidence and to go upon the lands of Defendants to determine what, if any, portion thereof it is necessary to condemn for the project described in the Petition, and should the Jury of Inquest determine that it is necessary to condemn any such lands, to lay off the same by metes and bounds.

It is the position of United that the jury of view has no authority to make a determination different from the condemning authority's opinion as to the amount of land needed in the taking and that the jury's only responsibility is to assess damages. It is the position of the landowners that the trial court was correct and that it falls within the province of the jury of view to also determine the amount of land required to be taken.

The order of this Court granting the interlocutory appeal provided that

> It is further ordered that the issues on appeal shall be limited to the scope of the authority of a jury of view. The parties should specifically address whether and under what circumstances Tenn. Code Ann. § 29-16-113 permits a jury of view to differ with a condemning gas pipeline company's determination of the amount of property needed for the project.

T.C.A. § 29-16-113(a) provides that:

> The jury will then proceed to examine the ground, and may hear testimony, but no argument of counsel, and set apart, by metes and bounds, a sufficient quantity of land for the purposes intended, and assess the damages occasioned to the owner thereby.

The landowners' brief filed in this cause states that the laying of the pipeline proceeded during the pendency of the proceedings below and was successfully placed so that it did not have to encroach upon the land of at least some of the defendant landowners. At oral argument before this Court on the interlocutory appeal, counsel for all of the parties conceded that the pipeline has been fully installed, was placed entirely within the highway right-of-way and does not encroach upon any of these landowners. However, counsel for United insisted that this Court rule on the issue

2

presented on appeal because of the possibility that the State might require the pipeline to be removed from the right-of-way at some time in the future, which would require replacing the pipeline upon a portion of the landowners' property. This fact was not included in the Rule 9 application for an interlocutory appeal. It appears to this Court that this is pure speculation at this point. It further appears that this issue would not become justiciable until such time that a taking of a portion of the landowners' property is requested. This may never occur. A case will generally be considered moot if it no longer serves as a means to provide relief to the prevailing party. Judicial economy prompts us to avoid rendering advisory opinions or deciding abstract legal questions. *McIntyre v. Traughber*, 884 S.W.2d 134, 137 (Tenn. App. 1994). It results that this interlocutory appeal is dismissed and this cause is remanded to the trial court for further proceedings consistent herewith.

Costs of this appeal are taxed to United Cities Gas Company, for which execution may issue if necessary.

_____
FARMER, J.

_____
CRAWFORD, P.J., W.S. (Concurs)

_____
LILLARD, J. (Concurs)

3